## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CORTEZ BROWN, #19294,** <br> **KEVIN McCREIGHT, #469912,** <br> **ANDREW KUNKLE, #452282,** <br> **CEDRIC D. ALLEN, #449672,** <br> **JOSEPH NICKELL, #436925,** <br> **JOHN EGLSEDER, #468248,** <br> **GEORGE GANNON, #453113,** <br> **ANDREW McKISSICK, #317638,** <br> **KEANDRE HOLLINS, #470495,** <br> **JOEY THOMAS, #326982,** <br> **RAY TAYLOR, #466553,** <br> **ARENZO HOFFMAN, #468391,** <br> and **TREVON FENTON, #465456,** <br><br> **Plaintiff,** <br><br> vs. <br><br> **RICHARD WATSON,** <br> **TRINITY SERVICE GROUP,** <br> and **DR. DAVID MARCOWITZ,** <br><br> **Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) **Case No. 21-cv-00138-JPG** |

## **MEMORANDUM & ORDER**

**GILBERT, District Judge:**

This case was opened on February 9, 2021, when the Court received a Complaint (Doc. 1) signed by thirteen plaintiffs. At the time they signed the Complaint, the plaintiffs were housed together as pretrial detainees, convicted persons, or both at St. Clair County Jail in Belleville, Illinois. (*Id*.). They bring this action pursuant to 42 U.S.C. § 1983 to challenge the conditions of their confinement at the Jail. (Doc. 1, pp. 1-27; Doc. 1-1, pp. 1-26; Doc. 1-2, pp. 1-45). Plaintiffs seek monetary relief. (Doc. 1, p. 13). The Complaint includes a separate signature page for each plaintiff. (*Id*. at 14-26).

1

If the requirements for permissive joinder are satisfied, complaints filed by multiple plaintiffs can proceed together in the same action. *See Boriboune v. Berge*, 391 F.3d 852, 855 (7th Cir. 2004); FED. R. CIV. P. 20. Improper joinder of parties or claims is not grounds for dismissal of a complaint. FED. R. CIV. P. 21. The Court may add or drop parties or sever claims at any time. *Id.* The Court has broad discretion to consider "other relevant factors" when deciding whether "the permissive joinder of a party will comport with the principles of fundamental fairness [or] create prejudice, expense or delay. . . ." *Chavez v. Ill. State Police*, 251 F.3d 612, 632 (7th Cir. 2001) (quotation marks and citations omitted). Based on the facts and circumstances presented by this case, the Court concludes that joinder of the thirteen unrepresented plaintiffs is not appropriate.

Although each plaintiff filed a Motion for Recruitment of Counsel (*see* Docs. 16-28), their motions shall be denied without prejudice. When a *pro se* litigant submits a request for counsel, the Court must consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own, and, if so, whether the difficulty of the case exceeds his capacity as a layperson to present it. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). No plaintiff has demonstrated any efforts to find an attorney. They all maintain that their incarceration during a pandemic justifies their failure to search for counsel. However, they do not claim to lack resources necessary to contact attorneys and/or law firms in writing or by phone. At the same time, the plaintiffs have shown that they are capable of proceeding without representation, by filing a well-organized, coherent complaint and related motions. All four claims focus on the conditions of their confinement and are straightforward. Plaintiffs point to no other significant impediments to self-representation. The Court is not convinced that court-recruited counsel is warranted at this time. Plaintiffs shall therefore proceed without counsel.

At the time of filing the Complaint, it is unclear whether each plaintiff was aware that: (a) he was joining twelve other plaintiffs in a federal lawsuit; (b) plaintiffs cannot represent one another; (c) each plaintiff must read and sign every filing made by plaintiffs in the case; or (d) each plaintiff is required to pay a separate filing fee for the action. *See Malone v. Nielson*, 474 F.3d 934, 937 (7th Cir. 2007) (*pro se* prisoner plaintiff cannot represent other plaintiffs); *Boriboune*, 391 F.3d at 855 (a prisoner is required to pay the full filing fee "whether or not anyone else is a co-plaintiff").

Although the plaintiffs gathered all necessary signatures for the Complaint and filed appropriate motions, it is much easier to do so when initiating an action from the same place of confinement. Plaintiffs may even be housed near each other at this time. As the case proceeds, however, it will become more difficult to coordinate efforts and obtain necessary signatures. Inmates are frequently moved from one place to another, whether because they are released from confinement, convicted and transferred into another facility, or transferred within the same facility. *See Sandin v. Conner*, 515 U.S. 472, 485 (1995) (convicted prisoner can be relocated at any time without notice). If the plaintiffs part ways, it will be difficult or impossible to review, sign, and file pleadings together. After all, institutions routinely prohibit inmates from communicating with one another inside and between facilities. Plaintiffs will also incur significant costs serving every document on every party, including those plaintiffs whose signatures are not obtained. *See* FED. R. CIV. P. 5. And failure to serve all parties with all documents will leave many in the dark.

Different legal standards likely control each plaintiff's claims. This is because the applicable legal standard for a conditions-of-confinement claim depends on a plaintiff's legal status at the time the claims arose. The Fourteenth Amendment Due Process Clause applies to claims brought by pretrial detainees, while the Eighth Amendment applies to claims brought by

convicted persons. Because the plaintiffs are currently housed at a jail, they could be pretrial detainees, convicted persons, or some combination of both. The Court would be required to apply different legal standard to each claim under such circumstances.

Moreover, different facts support each plaintiff's claims. This is particularly true in the context of exhaustion of administrative remedies. *See* 42 U.S.C. § 1997(e). The Prison Litigation Reform Act requires each Plaintiff to exhaust all available administrative remedies before bringing suit. *Id*. Defendants may raise exhaustion as an affirmative defense for some plaintiffs and not others, requiring separate tracks and evidentiary hearings before the case can proceed to the merits.

For each of the reasons discussed above, the Court finds that allowing the plaintiffs to proceed together would result in unnecessary and avoidable confusion, delay, and unfairness. The Court may, at any time, add or drop a party on just terms. *See* FED. R. CIV. P. 21; *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) ("A district judge [can] solve the problem by severance (creating multiple suits that can be properly screened). . . . "). Severance is necessary to ensure the "just, speedy, and inexpensive determination" of this case. FED. R. CIV. P. 1. At the same time, it does not preclude any plaintiff from discussing, strategizing, or coordinating with any other plaintiff. Moreover, it does not foreclose consolidation of one or more claims or cases at a later stage in litigation pursuant to Rule 42(a) of the Federal Rules of Civil Procedure. For now, the Court deems it necessary and appropriate to require the plaintiffs to proceed with their claims in separate suits. The Clerk of Court will therefore be directed to open a new lawsuit for each plaintiff.

## Disposition

**IT IS ORDERED** that, for the reasons set forth above, each Plaintiff is required to proceed with his claims in a separate suit. The following Plaintiffs are **DISMISSED** from this matter:

**KEVIN McCREIGHT, ANDREW KUNKLE, CEDRIC D. ALLEN, JOSEPH NICKELL, JOHN EGLSEDER, GEORGE GANNON, ANDREW McKISSICK, KEANDRE HOLLINS, JOEY THOMAS, RAY TAYLOR, ARENZO HOFFMAN,** and **TREVON FENTON**. The Clerk of Court is **DIRECTED** to **TERMINATE** these plaintiffs as parties to *this action* in CM/ECF.

The Clerk of Court is **DIRECTED** to **OPEN** a separate case for each plaintiff, other than Plaintiff Cortez Brown, and file the following documents in each newly-severed case:

1) The Complaint (Doc. 1);
2) Motion for Leave to Proceed *in forma pauperis* for that particular plaintiff;
3) This Memorandum and Order Severing Case.

The Clerk of Court is **DIRECTED** to **TERMINATE** all Plaintiff's Motions for Leave to Proceed *in forma pauperis* herein (other than Plaintiff Cortez Brown's motion) (Docs. 4, 5, 6, 7, 8, 9, 10, 11, 13, 14, and 15), and no filing fee will be assessed for this action. Each Plaintiff will instead be responsible for paying the filing fee for his newly-opened case, and not this action, **unless** he timely advises the Court that he does not wish to proceed with the newly-opened case.

**IT IS ORDERED** that the Motions of Recruitment of Counsel (Docs. 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, and 28) are **DENIED** without prejudice for the reasons stated above.

The **only plaintiff remaining in this action** is Plaintiff **CORTEZ BROWN**. The Clerk of Court is **DIRECTED** to modify the case caption as follows: **CORTEZ BROWN, Plaintiff vs. RICHARD WATSON, TRINITY SERVICE GROUP,** and **DR. DAVID MARCOWITZ, Defendants.**

Finally, Plaintiff Brown is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days**

5

after a transfer or other change in address occurs.  Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal for want of prosecution. FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED**.

    **DATED: 2/11/2021**

                                            s/J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **United States District Judge**